CARITHERS-WALLACE-COURTENAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5999. Promulgated October 18, 1945.

*J. L. Respess, C. P. A.*, for the petitioner.
*Edward L. Potter, Esq.*, for the respondent.

#### OPINION.

HILL, *Judge*: The Commissioner determined deficiencies as follows:

| Fiscal year ended— | Income tax | Declared value excess profits tax | Excess profits tax |
|---|---|---|---|
| June 30, 1940 | $153.95 | $115.81 | |
| June 30, 1941 | 194.54 | 173.10 | |
| June 30, 1942 | 250.07 | 26.90 | $586.82 |

The deficiencies determined for the fiscal years ended June 30, 1940 and 1941, are no longer contested by the petitioner and have been paid. Petitioner seeks adjustment of its excess profits tax liability under the provisions of section 734 of the Internal Revenue Code.

The petitioner is a Georgia corporation, having its principal place of business at Atlanta, Georgia. It filed its income tax returns for the fiscal years ended June 30, 1940, 1941, and 1942, with the collector of internal revenue at Atlanta, Georgia. In its returns petitioner claimed deductions on account of reserve for bad debts in the following amounts:

Year ended June 30, 1940_____ $1,215.48
           June 30, 1941_____ 1,352.08
           June 30, 1942_____ 1,700.98

The Commissioner disallowed these deductions in their entirety. Petitioner concedes the correctness of such disallowance. The accounts of petitioner were stipulated as follows:

| Year ended— | Sales | Accounts receivable end of period | Bad debt charges to reserve | Bad debt recoveries | Addition to reserve | Balance in reserve |
|---|---|---|---|---|---|---|
| 6/30/31 | | | | | | $544.24 |
| 6/30/32 | $93,160.76 | $10,177.63 | $418.87 | $0.11 | $277.96 | 403.44 |
| 6/30/33 | 79,856.22 | 10,686.76 | 246.09 | 0.55 | 237.64 | 395.54 |
| 6/30/34 | 129,768.92 | 15,467.53 | 407.34 | 0.12 | 641.19 | 629.51 |
| 6/30/35 | 144,239.36 | 18,960.84 | 1,256.96 | 8.37 | 1,289.49 | 670.41 |
| 6/30/36 | 153,673.24 | 24,748.94 | 187.93 | 19.55 | 763.23 | 1,265.26 |
| 6/30/37 | 205,799.30 | 21,337.47 | 557.87 | .62 | 1,027.59 | 1,735.60 |
| 6/30/38 | 217,742.02 | 21,499.53 | 109.18 | 26.06 | 1,085.90 | 2,738.38 |
| 6/30/39 | 223,629.98 | 18,144.13 | 761.69 | 66.25 | 1,113.52 | 3,156.46 |
| 6/30/40 | 245,322.53 | 25,858.73 | 749.33 | 3.84 | 1,215.58 | 3,726.45 |
| 6/30/41 | 273,123.78 | 39,056.67 | 644.39 | 259.11 | 1,352.08 | 4,693.25 |
| 6/30/42 | 340,430.05 | 38,830.41 | 533.46 | 138.23 | 1,700.98 | 5,999.00 |
| Total | 2,106,746.16 | 244,768.64 | 5,773.11 | 522.81 | | |

The additions to reserve for bad debts in the amounts set forth in the foregoing table for the respective taxable fiscal years 1932 to 1942, inclusive, were claimed by petitioner as deductions in its income tax returns for such years. Only for the last three of such years were the deductions disallowed by respondent.

Petitioner seeks to invoke the application of section 734 of the Internal Revenue Code for the adjustment of its excess profits credit on the ground that in determining its excess profits tax for the year 1942 the disallowance of the deduction for addition to reserve for bad debts for the taxable year 1942 was inconsistent with the treatment accorded a like item in the determination of its income tax liability for the prior

taxable year 1939. The pertinent provisions of section 734 are set forth in the margin.[1]

If the alleged inconsistency is held to exist we shall have the question of whether the stipulated facts entitle petitioner to the adjustment sought. On the contrary, if it is held that the claimed inconsistency is not shown by the facts before us, such holding will be decisive of the controversy adversely to petitioner's contention.

Therefore, we shall first determine whether the claimed inconsistency has been established by the facts before us within the meaning of the provisions of section 734.

Petitioner contends that the deduction of $1,113.52 for addition to reserve for bad debts by it for the taxable year 1939 was incorrect for the same reason that similar deductions for 1940, 1941, and 1942 were properly disallowed. It, therefore, claims that in determining its excess profits tax liability for 1942 its excess profits credit should be adjusted under section 734 by disallowing the named deduction for

---

[1] SEC. 734. ADJUSTMENT IN CASE OF POSITION INCONSISTENT WITH PRIOR INCOME TAX LIABILITY.

    (a) DEFINITIONS.—For the purposes of this section—

    \*      \*      \*      \*      \*      \*      \*

    (3) PRIOR TAXABLE YEAR.—A taxable year beginning after December 31, 1939, shall not be considered a prior taxable year.

    \*      \*      \*      \*      \*      \*      \*

    (b) CIRCUMSTANCES OF ADJUSTMENT.—

    (1) If—

        (A) in determining at any time the tax of a taxpayer under this subchapter an item affecting the determination of the excess profits credit is treated in a manner inconsistent with the treatment accorded such item in the determination of the income-tax liability of such taxpayer or a predecessor for a prior taxable year or years, and

        (B) the treatment of such item in the prior taxable year or years consistently with the determination under this subchapter would effect an increase or decrease in the amount of the income taxes previously determined for such taxable year or years, and

        (C) on the date of such determination of the tax under this subchapter correction of the effect of the inconsistent treatment in any one or more of the prior taxable years is prevented (except for the provisions of section 3801) by the operation of any law or rule of law (other than section 3761, relating to compromises),

then the correction shall be made by an adjustment under this section. If in a subsequent determination of the tax under this subchapter for such taxable year such inconsistent treatment is not adopted, then the correction shall not be made in connection with such subsequent determination.

    (2) Such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the net effect of the adjustment would be a decrease in the income taxes previously determined for such year or years) or by the taxpayer with respect to whom the determination is made (in case the net effect of the adjustment would be an increase in the income taxes previously determined for such year or years) which position is inconsistent with the treatment accorded such item in the prior taxable year or years which was not correct under the law applicable to such year.

    (3) BURDEN OF PROOF.—In any proceeding before the Board or any court the burden of proof in establishing that an inconsistent position has been taken (A) shall be upon the Commissioner, in case the net effect of the adjustment would be an increase in the income taxes previously determined for the prior taxable year or years, or (B) shall be upon the taxpayer, in case the net effect of the adjustment would be a decrease in the income taxes previously determined for the prior taxable year or years.

    \*      \*      \*      \*      \*      \*      \*

1939. It is conceded that the statute of limitations prevents the redetermination of petitioner's income tax liability for 1939.

The disallowance of the deductions in question in the taxable years 1940, 1941, and 1942 was based solely on the ground that in those years the reserves for bad debts were ample without the disallowed additions thereto. This action by respondent did not involve the right of petitioner to use the reserve method in relation to bad debts.

The stipulated facts show that at the end of the taxable year 1939 petitioner added to such reserve $1,113.52, thus constituting a total reserve at that time of $3,156.46. This reserve was built up by additions thereto which it must be assumed were deemed reasonable in amount by respondent, since deductions therefor were not disallowed. Also, such additions to. reserve having been made by petitioner, they must have been deemed by it reasonable in amount at the time they were made. Certainly, in the absence of a showing by petitioner we may not assume that petitioner acted otherwise than in good faith in making such additions to its reserves for bad debts. Whether or not the amounts of such additions were reasonable in amount is a question of fact, to be determined in the light of the circumstances obtaining at the time. *Black Motor Co.*, 41 B. T. A. 300; affd. (C. C. A., 6th Cir., 1942) ; 125 Fed. (2d) 977; *C. P. Ford & Co.*, 28 B. T. A. 156; and *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339.

In the *Black Motor Co.* case, *supra*, at page 304, we said:

> The test, however, is whether the amount ultimately determined, regardless of formula, constitutes a reasonable addition to petitioner's reserve. What constitutes a reasonable addition will depend upon the facts and circumstances of the business engaged in with relation to general business conditions. A method or formula that produces a reasonable addition to a bad debt reserve in one year, or a series of years, may be entirely out of tune with the circumstances of the year involved. Such, in our opinion, is the situation here, and, in the absence of a showing that the allowance contended for by petitioner is more reasonable than the addition determined by the respondent, the latter amount is approved as a reasonable addition to petitioner's reserve for bad debts.

In the *Ford & Co.* case, *supra*, we said: "A method which produces a reasonable result for one year or even a series of years may in a given year be entirely out of tune with the circumstances * * *. Since the reserve is necessarily the embodiment of estimates, the estimate for any year must be measured by the necessities of the reserve as those necessities appear at the time the estimate is made * * *."

The stipulated facts show (see table hereinabove set forth) for each of petitioner's fiscal years 1932 to 1942, inclusive, the volume of its sales, accounts receivable, bad debt charges to reserve, bad debt recoveries, addition to reserve, and balance in reserve. Petitioner contends that it appears from the facts thus shown that there was no necessity for an

addition to its bad debt reserve in 1939 and hence that an allowance of a deduction therefor in any amount was incorrect.

Whatever probative force, if any, such facts may have in support of petitioner's contention, it is not of sufficient potency, in our opinion, to establish that the estimate of the necessity of the addition to reserve in 1939 was not reasonable in the light of circumstances then existing. No information is presented as to such circumstances other than the bare bone of a statistical skeleton. On this state of the record we hold that the facts before us are not sufficient to sustain petitioner's contention that the addition to its bad debt reserve in 1939 was incorrect. It follows that the disallowance of the deductions for addition to the bad debt reserve in 1942 in determining petitioner's excess profits tax liability for that year without adjusting its excess profits credit by disallowing a deduction of like character for the prior year 1939 is not inconsistency of treatment within the meaning of section 734. Hence, there is no basis for the application of section 734.

*Decision will be entered for respondent.*